# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JACOB MEEKS,                                                               PETITIONER

v.                                                                         No. 3:10CV121-A-A

STATE OF MISSISSIPPI, ET AL.                                               RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jacob Meeks for a writ of *habeas corpus* under 28 U.S.C. § 2241. The state has moved to dismiss the petition for failure to state a claim – and for failure to exhaust state remedies. Meeks has not responded to the motion, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted.

### Facts and Procedural Posture

Jacob Meeks is currently under indictment from the Marshall County Circuit Court for car theft in Cause CR-2009-00320. Meeks was, at the time he filed his federal *habeas corpus* petition, in custody of the Clay County Detention Center in Liberty, Missouri on charges in that State. His incarceration in Missouri was subject to a detainer lodged by the Marshall County Sheriff's Office based on the Mississippi indictment. It appears that Meeks was released from the custody of the Clay County Detention Center in late March 2011.

On December 13, 2010, Meeks filed the present federal petition for a writ of *habeas corpus*, in which he states that a detainer has been lodged against him and seeks injunctive relief. Meeks argues that "[t]his is nothing but 'false charges' brought about the Marshall County

Sheriff Department who continually harass the petitioner." ECF Doc. 1, p. 4. Meeks also challenges the evidence the State has adduced to support the charge in the indictment. ECF Doc. 1. In his prayer for relief, Meeks seeks a preliminary injunction. ECF Doc. 1, p. 4.

Meeks has not been convicted and sentenced on the car theft charge; as such, he is not a Mississippi state inmate. Meeks is, therefore, a "pre-trial detainee" and the court will analyze his claims under 28 U.S.C. § 2241. A pre-trial detainee has a right to seek federal *habeas corpus* relief. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89, 93 S.Ct. 1123 (1973). "[F]ederal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. A petitioner may not derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. Indeed, there is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d at 1280, 1283 (5th Cir. 1976).

There are two basic forms of relief a prisoner may seek in a pretrial petition for a writ of *habeas corpus*:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. ***While the former objective is normally not attainable through federal habeas corpus***, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). "In other words, a federal court may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state

court charges pending against him." *Greer v. St. Tammany Parish Jail,* 693 F. Supp. 502, 508 (E.D. La. 1988).

Meeks has requested that the court dismiss both the charges and detainer lodged against him. As discussed above, his request to have the charges dismissed "is not attainable through federal *habeas corpus*." *Brown,* 530 F.2d at 1283. As Meeks has not shown (or even alleged) the "special circumstances" necessary for the court to consider whether intercede in the state criminal proceeding, his request for *habeas corpus* relief is not an available remedy in this court. *Dickerson*, 816 F.2d at 227. Therefore, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 26th day of July, 2011.

                                                 **/s/ Sharion Aycock**
                                                 **U.S. DISTRICT JUDGE**